UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
PALM BEACH DIVISION
CASE NO.:

JEREMIAH PITTS and JOSEPH LENZ, on behalf of themselves and others similarly situated,

    Plaintiffs,

vs.

S & J CRAZY LIZARDS ENTERTAINMENT, LLC, d/b/a Monroe's of Palm Beach, a Florida limited liability company,

    Defendant.
_____/

COLLECTIVE ACTION COMPLAINT

## COLLECTIVE ACTION COMPLAINT

COMES NOW Plaintiffs JEREMIAH PITTS ("Pitts") and JOSEPH LENZ ("Lenz"), who were employees of Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC, d/b/a Monroe's of Palm Beach, a Florida limited liability company ("Defendant"), and on behalf of themselves and others similarly situated file this Collective Action Complaint for return of tips wrongfully taken, unpaid overtime wages, reimbursement for uniform maintenance, liquidated damages, and other relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter, the "Act" or "FLSA"), and for a declaration of rights.

### I.    JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because Defendant transacts business in this District; because all wages were earned and due to be paid in this District; because

1

Defendant's nightclub is situated in this District; and because most, if not all, of the operational decisions were made in this District.

2. This Court has original jurisdiction over Plaintiffs' federal question claims.

## II.     PARTIES

3. Plaintiff JEREMIAH PITTS ("Pitts") is over 18 years old and was a *sui juris* resident of Palm Beach County, Florida, at all times material. Pitts was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

4. Plaintiff JOSEPH LENZ ("Lenz") is over 18 years old and was a *sui juris* resident of Palm Beach County, Florida, at all times material. Lenz was an hourly, non-exempt employee of Defendant, as the term "employee" is defined by 29 U.S.C. § 203(e).

5. Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC, d/b/a Monroe's of Palm Beach is a Florida limited liability company that has owned and operated the Monroe's adult entertainment nightclub ("Monroe's"), located at 1000 Congress Avenue, Palm Beach County, Florida.

## III.     COVERAGE

6. During all material times, Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s), in that it was engaged in commerce or in the production of goods for commerce within the meaning of § 29 U.S.C. 203(s)(1) of the Act, in that the enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

2

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

7. During all material times, Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC was an employer as defined by 29 U.S.C. § 203(d).

8. During all material times, S & J CRAZY LIZARDS ENTERTAINMENT, LLC had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

9. During all material times, Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC employed two or more persons.

## IV.   FACTUAL ALLEGATIONS

10. Defendant operated the Monroe's of Palm Beach adult entertainment nightclub ("Monroe's"), located at 1000 Congress Avenue, Palm Beach County, Florida.

11. Plaintiff Pitts worked as a tipped employee for Defendant from approximately March, 2019 to August, 2019.

12. Plaintiff Lenz worked as a tipped employee for Defendant from approximately November, 2015 to May, 2019.

13. Under the FLSA, the maximum statute of limitations is three years ("Relevant Time Period").

14. During the Relevant Time Period, the applicable Florida minimum wage was $8.46 per hour.

15. During the Relevant Time Period, the applicable Florida overtime wage for Plaintiffs was one-and-one-half times Plaintiffs' regular rate of pay.

16. Under the FLSA, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. 203(m)(2)(B).

3

Law Office of Lowell J. Kuvin
17 East Flagler Street · Suite 223 · Miami, Florida 33131 · Tel.: 305.358.6800 · Fax: 305.358.6808

17. Throughout their employment at Monroe's, Plaintiffs, along with those similarly situated, were required to share their tips with the director of operations and the owner, in violation of the FLSA.

18. Plaintiffs and those similarly situated were required to pay for impermissible business expenses, such as uniform maintenance.

19. Throughout their employment, Plaintiffs, and those similarly situated, regularly worked in excess of forty (40) hours per seven-day week but were not paid overtime wages.

20. As the result of the above violations, Defendant did not satisfy the requirements of 29 U.S.C. 203(m) during the Relevant Time Period and must therefore pay Plaintiffs, and those similarly situated, damages in the amount of Plaintiffs' tips which were wrongfully taken, along with unpaid minimum and overtime wages owed.

21. Because of the institution and maintenance of the illegal tip violations, Defendant willfully engaged in practices that denied Plaintiffs their tips under the FLSA.

22. Plaintiffs retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

**COUNT I**
**RETURN OF TIPS WRONGFULLY TAKEN IN**
**<u>VIOLATION OF THE FLSA, 29 U.S.C. § 203(m)(2)(B)</u>**

23. Plaintiffs reincorporate and re-allege paragraphs 1 through 22 as though set forth fully herein and further allege as follows:

24. Defendant willfully and intentionally required Plaintiffs, along with those similarly situated, to share their tips with non-tipped employees, namely the owner and director of operations.

4

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808

25. By suffering or permitting Plaintiffs, along with those similarly situated, to work while requiring them to share their tips with non-tipped employees, Defendant owes Plaintiffs the return of all tips wrongfully taken and retained.

26. As a direct and proximate result of forcing Plaintiffs, along with those similarly situated, to share their tips with non-tipped employees, Plaintiffs, along with those similarly situated, have been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiffs JEREMIAH PITTS and JOSEPH LENZ, on behalf of themselves and those similarly situated, demand judgment in their favor and against Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC, as follows:

a) Award to Plaintiffs, along with those similarly situated, for payment of all tips taken and retained by non-tipped employees;

b) Award to Plaintiffs, along with those similarly situated, liquidated damages equal to the payment of all tips taken and retained by non-tipped employees;

c) Award to Plaintiffs reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT II
## **FAILURE TO PAY OVERTIME WAGE COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 201, *et seq***

27. Plaintiffs reincorporate and re-allege paragraphs 1 through 22 as though set forth fully herein and further allege as follows:

28. Defendant willfully and intentionally suffered or permitted Plaintiffs, along with those similarly situated, to work without being paid an hourly overtime wage for all hours worked.

29. Defendant willfully and intentionally required Plaintiffs, along with those similarly situated, to share their tips with non-tipped employees, namely the owner and director of operations.

5

30. Defendant therefore owe Plaintiffs, along with those similarly situated, the full overtime wage for each hour worked in excess of forty hours in a week.

31. As a direct and proximate result of forcing Plaintiffs to work without being paid an hourly overtime wage Plaintiffs, along with those similarly situated, have been damaged for one or more weeks of work with Defendant.

WHEREFORE, Plaintiffs JEREMIAH PITTS and JOSEPH LENZ, on behalf of themselves and those similarly situated, demand judgment in their favor and against Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC, as follows:

a) Award to Plaintiffs, along with those similarly situated, for payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times their regular rate of pay;

b) Award to Plaintiffs, along with those similarly situated, liquidated damages equal to the payment of all hours worked in excess of forty per workweek at a rate of one-and-a-half times their regular rate of pay or, if liquidated damages are not awarded, then prejudgment interest;

c) Award to Plaintiffs reasonable attorneys' fees and costs; and

d) Award such other and further relief as this Court may deem just and proper.

## COUNT III
## DECLARATION OF RIGHTS

32. Plaintiffs reincorporate and re-allege paragraphs 1 through 22 as though set forth fully herein and further allege as follows:

33. Plaintiffs and Defendant have a pending dispute under the FLSA, which this Court has jurisdiction to decide pursuant to 29 U.S.C. § 1331.

34. The Court also has jurisdiction over Plaintiffs' request for a declaration of rights pursuant to 29 U.S.C. §§ 2201, 2202.

35. Defendant did not rely on a good faith defense in forcing Plaintiffs to share their tips with the owner and director of operations.

36. A declaration of rights would serve the useful purpose of clarifying and settling the legal relations at issue.

37. The entry of a declaration of the rights of the parties herein would afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding as affecting Plaintiffs and class members from Defendant, now and in the future.

WHEREFORE, Plaintiffs JEREMIAH PITTS and JOSEPH LENZ, on behalf of themselves and those similarly situated, demand judgment in their favor and against Defendant S & J CRAZY LIZARDS ENTERTAINMENT, LLC, as follows:

a) Issue declaratory judgment that Defendant's acts, policies, practices and procedures complained of herein violated provisions of the FLSA;

b) Enjoin Defendant from further violations of the FLSA;

c) Award Plaintiffs reasonable attorneys' fees and costs;

d) Award such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all issues so triable.

Respectfully submitted this 8th day of January, 2019.

By: __s/Robert W. Brock II__
Robert W. Brock II, Esq.
Florida Bar No. 75320
robert@kuvinlaw.com
legal@kuvinlaw.com

7

*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorney for Plaintiffs*

8

LAW OFFICE OF LOWELL J. KUVIN
17 EAST FLAGLER STREET · SUITE 223 · MIAMI, FLORIDA 33131 · TEL.: 305.358.6800 · FAX: 305.358.6808