UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80023-CIV-DIMITROULEAS

JEREMIAH PITTS, et. al.,

    Plaintiffs,

v.

S & J LIZARDS ENTERTAINMENT LLC, d/b/a
Monroe's of Palm Beach, et.al.

    Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS AND TO DISMISS CASE WITH PREJUDICE

Plaintiffs, Jeremiah Pitts and Joseph Lenz ("Plaintiffs") and Defendants, S&J Crazy Lizards Entertainment, LLC d/b/a Monroe's of Palm Beach (hereinafter "Monroe's"), Scott Lizza (hereinafter "Mr. Lizza"), and Joseph Basilicato (hereinafter "Mr. Basilicato"), (collectively "Defendants"), through their respective undersigned counsel, hereby file this Joint Motion to Approve Settlement Agreement and Full and Final Release of All Claims and to Dismiss Case with Prejudice.

## PRELIMINARY STATEMENT

Plaintiffs filed this Amended Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"). Defendants deny any wrongdoing under the FLSA, and further deny that Plaintiffs are owed any additional compensation. However, to avoid the costs and uncertainty of litigation, and without admitting any liability whatsoever, the parties have negotiated a settlement in this matter, and Plaintiffs have agreed to dismiss this case with prejudice.

37447466.2

Pursuant to *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for back wages arising under the FLSA may be settled or compromised with the approval of the district court or the Secretary of Labor. Accordingly, the parties request that the Court approve the terms of the Settlement Agreement and Full and Final Release of All Claims in this matter.

## ARGUMENT AND CITATION OF AUTHORITY

**THE SETTLEMENT AGREEMENT AND GENERAL RELEASE NEGOTIATED BY THE PARTIES IS A FAIR AND REASONABLE RESOLUTION OF THE FLSA CLAIMS RAISED IN THIS MATTER. ACCORDINGLY, THIS COURT SHOULD APPROVE THE SETTLEMENT AGREEMENT AND GENERAL RELEASE.**

In the Eleventh Circuit, to ensure that the employer is relieved of liability, a compromise of an FLSA claim must either be supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1350. To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *See id*.

Plaintiffs filed this lawsuit against Defendants alleging that Defendants violated the FLSA, by failing to pay Plaintiffs' time and one-half of their hourly rate for work performed in excess of forty hours per week and for failure to pay all earned tips. The parties agreed to settle this dispute through the execution of a Settlement Agreement and Full and Final of All Claims between Defendants and the Plaintiffs which includes payment for the alleged overtime and earned tips asserted by the Plaintiffs in this case, liquidated damages and a separate payment for Plaintiffs' attorneys' fees and costs. Additionally, Plaintiffs agreed to release Defendants from liability for any claims that were brought or that could have been brought as a part of this lawsuit. Defendants agreed to release Plaintiffs from liability for any claims that were brought or

2

that could have been brought as a part of this lawsuit. Finally, in the event the Settlement Agreement and Full and Final Release of All Claims is approved, Plaintiffs agreed to dismiss this action with prejudice with the District Court to retain jurisdiction to enforce the terms of the Settlement Agreement and Full and Final Release of All Claims, a copy of which is submitted herewith as **Exhibit A**.

The parties agree that the above-delineated settlement terms represent a fair and equitable resolution of this matter since, as noted, the Plaintiffs are being compensated for their claimed overtime and earned tips, they are receiving liquidated damages, and their attorneys' fees and costs are being paid separately.

With respect to Plaintiffs' claims, a factual dispute existed as to whether the Defendants properly paid Plaintiffs all hours more than forty in a workweek and all earned tips. Plaintiffs claim they did work more than forty (40) hours per work week and were not paid all earned tips, and Defendants claim they did not work these hours and were paid all earned tips. If the Plaintiffs were unable to prove they worked in excess of forty (40) hours per week for which they were not paid and were not paid for all earned tips, they would have received nothing for their wage claims. Accordingly, the parties respectfully request that this Court enter an Order approving the terms of the settlement of Plaintiffs' claims and dismissing Plaintiffs' claims against Defendants with prejudice but retaining jurisdiction to enforce the terms of the settlement.

Plaintiffs' attorneys were engaged on a contingency basis, and if the Plaintiffs recovered zero, they would not owe their attorneys any fees or costs. However, the Plaintiff did recover and the attorneys' fees and costs were negotiated separately from the settlement amounts that are to be paid directly to the Plaintiffs by the Defendants. Lowell J. Kuvin and Sundeep Mullick have

37447466.2

accumulated $770 in costs and expended approximately 61.5 hours to date. The separately negotiated settlement of the Plaintiffs' attorneys' fees and costs is $25,000 with $770 to costs and $24,230 to fees. The loadstar yields $394/hr. in attorneys' fees for the 61.5 hours of time'/;. The amount is reasonable given that the amount was negotiated separately, the issues in the case were novel in that it involved a "managers' tip pool" and the recent updated FLSA statute, the case was taken on a contingency basis, and Mr. Kuvin and Mr. Mullick have routinely been awarded $400/hr. by Judges in the Southern District for similar work performed. *See Watts v. Club Madonna et al.*, S.D. Fla. Case No. 17-24666-CV ("a rate of $400.00 an hour for each attorney is appropriate").

**WHEREFORE**, the Parties ask the Court to grant the joint Motion and retain jurisdiction in order to enforce the terms of the Agreements (approximately 9 months).

Dated: Ocotber 5, 2020.

Respectfully submitted,

| | |
|---|---|
| /s/ Antoinette Theodossakos | /s/ Sundeep K. Mullick |
| Antoinette Theodossakos, Esq. | Sundeep K. Mullick, Esq. |
| Florida Bar No. 178608 | Florida Bar No. 18175 |
| antoinette.theodossakos@saul.com | sunny@kuvinlaw.com |
| Saul Ewing Arnstein & Lehr LLP | Law Office of Lowell J. Kuvin, LLC |
| 515 North Flagler Drive, Suite 1400 | 17 East Flagler Street, Suite 223 |
| West Palm Beach, FL 33401 | Miami, FL 33131 |
| Phone: 561-833-9800 | Phone: 305-358-6800 |
| Fax: 561-655-5551 | Fax: 305-358-6808 |
| *Counsel for Defendants* | *Counsel for Plaintiffs* |

37447466.2

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on October 5, 2020, I electronically filed the foregoing document with the Clerk of Court using the Case Management/Electronic Case Files ("CM/ECF"). I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by the CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

    Saul Ewing Arnstein & Lehr, LLP
Northbridge Centre, Suite 1400
515 North Flagler Drive
West Palm Beach, FL33401
Telephone:   (561) 833-9800
Facsimile:   (561) 655-5551

By:   /s/ Antoinette Theodossakos
       Antoinette Theodossakos
       Florida Bar No. 178608
       Antoinette.Theodossakos@saul.com
       susan.brown@saul.com
       Wpb-ctdocs@saul.com

37447466.2

## SERVICE LIST

Sundeep K. Mullick, Esq.
Law Office of Lowell J. Kuvin
17 East Flagler Street, Suite 223
Miami, Florida 33131
sunny@kuvinlaw.com
legal@kuvinlaw.com

37447466.1.docx

6

37447466.2